| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **SOUTHERN DISTRICT OF NEW YORK** <br> ------------------------------------------------------------x <br> In re: <br><br> JILL TECKENBROCK, <br>                         Debtor. <br> ------------------------------------------------------------x <br> CM STUDIO, INC., LISA GWILLIAM, <br> AND LISA MOSKO, <br><br>                         Plaintiffs, <br><br>       -against- <br><br> JILL TECKENBROCK, <br><br>                         Defendant. <br> ------------------------------------------------------------x | NOT FOR PUBLICATION <br><br> Chapter 7 <br><br> Case No. 10-15747 (ALG) <br><br><br><br> Adv. Proc. No. 11-01298 (ALG) |

## POST-TRIAL MEMORANDUM OF OPINION

A P P E A R A N C E S:

SAM P. ISRAEL, P.C.
*Attorney for Plaintiffs*
1 Liberty Plaza, 20th Floor
New York, NY 10006
By: Sam P. Israel

LAW OFFICES OF GUS MICHAEL FARINELLA, P.C.
*Attorney for Debtor*
147 West 35th Street, Suite 1008
New York, NY 10001
By: Gus Michael Farinella

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

Plaintiffs CM Studio, Inc. ("CM"), Lisa Gwilliam and Lisa Mosko (collectively,

"Plaintiffs") filed an adversary proceeding against the debtor, Jill Teckenbrock (the "Debtor"),

seeking to exempt their claims from discharge under § 523(a)(4) of the Bankruptcy Code as a debt arising out of a debtor's defalcation while acting in a fiduciary capacity. After trial, the Court enters judgment for the Debtor based on the following findings of fact and conclusions of law.

## Background

Facts

The Debtor is a talent agent who during the relevant period represented clients in the fashion, creative advertising and production industry. She was the sole officer, owner and director of Jill Teckenbrock, Inc. ("JTI"), a New York corporation.

Beginning in 2006, the Debtor, by and through JTI, acted as talent agent and manager for each of the Plaintiffs. Pursuant to oral agreements with Plaintiffs, JTI undertook (i) to secure work assignments for Plaintiffs with third parties; (ii) to negotiate the fees that Plaintiffs would receive for such assignments; and (iii) to handle the billing, collect payments due to Plaintiffs for their services, and remit payments to Plaintiffs less a commission of approximately fifteen percent on each assignment. There is no dispute that Plaintiffs performed their assignments; that the third parties paid JTI for Plaintiffs' services; and that neither JTI nor the Debtor remitted the net amounts that Plaintiffs were owed for certain assignments. Plaintiffs filed proofs of claim for the following unpaid amounts: $10,551.17, $11,962.99 and $5,395.00 for CM, Gwilliam and Mosko respectively. (*See* Tr. Ex. A, Schedule F.)

The evidence at trial shows that JTI had one bank account, that JTI's payments to the Plaintiffs were made from that account, and that sums received on account of the Plaintiffs' services were paid into that account. The record shows that neither the Debtor nor JTI expressly indicated that the funds collected for the Plaintiffs would be held in trust or segregated from

other JTI funds. Moreover, the check payments to the Plaintiffs never indicated that the funds came from a trust account. (Tr. Ex. E.) Testimony indicated that the Debtor would withdraw her living and other expenses from JTI's account without restriction, and that the Debtor did not observe corporate formalities or keep records in connection with JTI's corporate existence.

On or about February 2010, JTI closed business operations, and the Debtor notified the clients that the corporation was being dissolved. The Debtor testified that her accountant filed papers dissolving JTI. At the time of the shut-down, CM, Gwilliam, and Mosko were owed the amounts claimed in their proofs of claim. In or about July 2010, Mosko commenced an action against the Debtor and JTI in New York State Court for failure to remit funds pursuant to her agreement with JTI. The Debtor and JTI were served but failed to appear, resulting in a default judgment in favor of Mosko and against the Debtor and JTI, jointly and severally, in the amount of $5,395.00 (the amount owed plus interest). (*See* Pls.' Ex. 15.)

The Bankruptcy Case

On November 2, 2010, a few months after the business closed, the Debtor, individually, filed a Chapter 7 petition. The Debtor's schedules listed the Plaintiffs as creditors but noted that the amounts owed to them were "Business Debt." (Pls.' Ex. 13, Schedule F.) On January 31, 2011, Plaintiffs timely filed a complaint, requesting that the amounts owed to them under their agreements with JTI ($10,551.17, $11,962.99 and $5,395.00 for CM, Gwilliam and Mosko respectively) be excepted from discharge in the Debtor's case. (Pls.' Compl. ¶¶ 31-60.) On November 17, 2011, the Debtor filed an amendment to her bankruptcy schedules, asserting that the amounts owed to Plaintiffs should have been listed as contingent, unliquidated or disputed debt. (*See* Amended Schedule F.)

3

An evidentiary hearing on this matter was held on November 18, 2011 at which Plaintiffs and the Debtor testified. On December 16, 2011, Plaintiffs filed a post-trial memorandum, arguing that JTI's failure to account for funds owed to the respective Plaintiffs constitutes defalcation in a fiduciary capacity under § 523(a)(4). Specifically, Plaintiffs argue that (i) JTI acted in a fiduciary capacity within the meaning of § 523(a)(4) in its relationships with Plaintiffs or that (ii) the Debtor individually acted as a fiduciary on account of the fiduciary duties she owed as an officer of JTI. The other bases for a denial of discharge set forth in the complaint were not pursued at trial or briefed. The Debtor filed a post-trial memorandum on May 7, 2012, arguing that the debts at issue should not be excepted from discharge because neither JTI nor the Debtor acted as a fiduciary or committed defalcation within the meaning of § 523(a)(4).

## Discussion

Section 523(a)(4) of the Code excepts from discharge, *inter alia*, debts "for fraud or defalcation while acting in a fiduciary capacity . . ." This exception to discharge does not apply to ordinary commercial debts and is construed narrowly to give effect to the Congressional policy of enabling an honest debtor to achieve a fresh start. *See Andy Warhol Found. for Visual Arts, Inc., v. Hayes* (*In re Hayes*), 183 F.3d 162, 167-169 (2d Cir. 1999) (citations omitted). On the other hand, a plaintiff seeking to exempt a debt from discharge need only prove its case by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291 (1991); *see also* Fed. R. Bankr. P. 4005.

The definition of ''fiduciary capacity'' under § 523(a)(4) is a matter of federal law and may be in some cases narrower than the definition of a fiduciary under state law. *Wachtel v. Rich* (*In re Rich*), 353 B.R. 796, 805-06 (Bankr. S.D.N.Y. 2006). A debtor will only be considered a fiduciary for purposes of § 523(a)(4) if his or her fiduciary relationship to the

4

claimant existed prior to the act from which the underlying indebtedness arose. *Id.* at 805 (citations omitted). In other words, the wrongful act itself cannot be the sole basis for the assertion that a fiduciary relationship existed between the parties. *LSP Inv. Partnership v. Bennett (In re Bennett)*, 989 F.2d 779, 784 (5th Cir. 1993).

1. <u>Express or Statutory Trust</u>

To determine whether a debtor has acted as a fiduciary within the meaning of § 523(a)(4), the initial inquiry is whether the relationship between the parties constituted an express or statutory trust. *Follet Higher Educ. Grp., Inc. v. Berman* (*In re Berman*), 629 F.3d 761, 769 (7th Cir. 2011). Courts ordinarily find a relationship to constitute an express or statutory trust where there is an express trust agreement, created by contract or statute, or where there is a duty to segregate funds purportedly held in 'trust' for a particular party. *See, e.g., Nassau Suffolk Limousine Assoc. v. Jardula* (*In re Jardula*), 122 B.R. 649, 657-58 (Bankr. E.D.N.Y. 1990) (insurance broker who was required under New York insurance statute to keep insurance premiums separate from other funds was a fiduciary within the meaning of § 523(a)(4)).

In this case, Plaintiffs' agreements with JTI do not constitute express trusts, as JTI (and the Debtor) did not have a duty to hold funds for each plaintiff separately in "trust." To the contrary, the evidence shows that JTI had a single bank account in which it commingled funds that it received from various parties and made payments to multiple parties, including Plaintiffs, without any indication that the account was a trust account. (Tr. Ex. E.) Plaintiffs have also been unable to cite any statute that would render the Debtor or JTI a fiduciary within the meaning of § 523(a)(4). Plaintiffs' cases finding a fiduciary relationship where there was no trust agreement are all distinguishable because the requisite fiduciary relationship was established by statute. *See Bruce Supply Corp. v. Kofsky* (*In re Kofsky*), 351 B.R. 123 (Bankr.

5

S.D.N.Y. 2006) (holding that an agreement between contractor and subcontractor constituted a statutory trust pursuant to Article 3A of New York Lien Law); *Giarrusso Building Supplies v. Hogan (In re Hogan)*, 193 B.R. 130, 139 (Bankr. N.D.N.Y. 1995) (same); *Jardula*, 122 B.R. 649 (trust relationship imposed by New York insurance statute). Thus, the facts in this case do not supply a basis for finding that there was a pre-existing express or statutory fiduciary relationship between JTI or the Debtor and the Plaintiffs.

   2.  Implied Trust

In the absence of an express or statutory trust, courts have found that a debtor-creditor relationship can be fiduciary in nature where a "special confidence" exists between the parties. *Berman*, 629 F.3d at 771; *see also Hayes*, 183 F.3d at 168-171 (holding that the attorney-client relationship is fiduciary in nature under § 523(a)(4)); *Schneider v. Davis (In re Schneider)*, 99 B.R. 974, 977 (9th Cir. BAP 1989) (holding that the debtor, who was the creditor's minister, counselor, therapist, and lover, was a fiduciary under § 523(a)(4)). On the other hand, the existence of an agency relationship between a debtor and a creditor does not create an implied fiduciary relationship for § 523(a)(4) purposes. *Berman*, 629 F.3d at 771. Whether a relationship rises beyond the commercial to become fiduciary in nature depends upon the facts of a particular matter. *Shearson Lehman Hutton v. Schulman (In re Schulman)*, 196 B.R. 688, 698 (Bankr. S.D.N.Y. 1996) (citations omitted).

In this case, the Plaintiffs failed to establish the existence of a special relationship. The Debtor or JTI was their agent, as each of the Plaintiffs testified. Plaintiffs' argument that an agent's duties under agency law render it a fiduciary for § 523(a)(4) purposes in the absence of an express trust has been uniformly rejected, as ordinary principal-agent relationships like the one at bar do not render a person a fiduciary within the meaning of § 523(a)(4). For example, in

*In re Einhorn*, 59 B.R. 179, 183-85 (Bankr. E.D.N.Y. 1986), the debtor was an officer of a travel agency, which entered into agreements with airlines to sell their tickets and remit the proceeds to them less a commission. The court found that there was no fiduciary relationship between the debtor and the client-airlines because the travel agency had no duty to segregate the funds it received on behalf of a particular airline from other proceeds or from its own funds. *Id.* at 185; *see also Air Traffic Conference of Am. v. Paley* (*In re Paley*), 8 B.R. 466 (Bankr. E.D.N.Y. 1981) (same); *Schulman*, 196 B.R. at 698 (an employer-employee relationship, without more, is not a fiduciary one); *accord In re Morales Travel Agency,* 667 F.2d 1069, 1071 (1st. Cir. 1981) (holding that travel agency had no fiduciary relationship to airline under § 70(a) of former Bankruptcy Act based on absence of any duty to segregate funds). Long ago, albeit in a different context, the Supreme Court in *Upshur v. Briscoe*, 138 U.S. 365, 373 (1891), held dischargeable a debt owed by an individual expressly designated as a trustee because the relationship created was no different from an ordinary contractual one between a debtor and a creditor. Based on this line of authority, the Court finds that Plaintiffs have failed to demonstrate that their agreements with JTI rose beyond that of principal and agent to the fiduciary level required under § 523(a)(4).

Plaintiffs also argue that the Debtor individually acted as a fiduciary on account of the fiduciary duties she owed under New York law as an officer and controlling shareholder of JTI. (*See* Pls. Post Tr. Mem. at 15.) This argument, however, is misguided, as these fiduciary duties were owed to JTI, not to Plaintiffs. *See Econ. Dev. Growth Enters. Corp. v. McDermott (In re McDermott)*, 434 B.R. 271 (Bankr. N.D.N.Y. 2010) (officer/director of insolvent corporation did not act in fiduciary capacity to corporation's creditors for § 523(a)(4) purposes, because his fiduciary responsibilities were only directed to the corporation); *Marshall v. McCaffrey* (*In re McCaffrey*), 216 B.R. 196, 199 (Bankr. E.D. Mich. 1997) (same). Even if these fiduciary duties

were owed to Plaintiffs under New York law, moreover, it might not be enough to render the Debtor a fiduciary to them for § 523(a)(4) purposes. *See Berman*, 629 F.3d at 766-67 (holding that officer of corporation was not a fiduciary for § 523(a)(4) purposes even if plaintiffs could prove that officer owed fiduciary obligations to creditors under Illinois law). Accordingly, Plaintiffs' reliance on two old cases, *Pepper v. Litton*, 308 U.S. 295, 306 (1939) and *In re Hammond,* 98 F.2d 703, 704-05 (2d. Cir. 1938), is misplaced because these cases stand for the proposition that directors and officers of a corporation are at most fiduciaries of the *corporation*, not of creditors.

Plaintiffs cite one pre-Code decision, *In re Bernard*, 87 F.2d 705 (2d Cir. 1937), which found that an officer of an insolvent corporation who knowingly misappropriated corporate assets for his personal benefit stood in a fiduciary capacity to a corporate creditor that was an assignee for the benefit of creditors. In *Bernard*, however, the creditor was the New York Credit Men's Association, acting as assignee for the benefit of all creditors under New York law. *Bernard* cannot be fairly construed to challenge the proposition that officers of a corporation generally do not act in a fiduciary capacity to individual creditors of the corporation for purposes of § 523(a)(4). *See Wachovia Bank and Trust Co. v. Banister (In re Banister)*, 737 F.2d 225 (2d Cir. 1984) (holding, under former Bankruptcy Act, that corporate officer did not act in fiduciary capacity to a corporate creditor); *see also McDermott*, 434 B.R. 271; *McCaffrey*, 216 B.R. 196. The Second Circuit also explained in *Banister* that in *Bernard* "the element of personal benefit was crucial to the holding of a breach of fiduciary duty to the corporation." *Banister*, 737 F.2d at 229. Here, Plaintiffs have not proven that the Debtor "misappropriated" their assets for her personal benefit; although she continued to pay her living expenses from JTI's account until the funds ran out, there was evidence that she also continued to make payments to persons with

8

whom she contracted, and there was no showing that she paid herself more than she had previously taken out as salary in the ordinary course of business. If Plaintiffs proved anything about JTI, it is that the corporate veil should be pierced and the Debtor and JTI treated as one, not that the Debtor misappropriated assets.

Because the Court finds that the Plaintiffs are unable to show that the Debtor or JTI acted in a fiduciary capacity towards them within the meaning of § 523(a)(4), the Court need not decide whether any defalcation occurred. *Hayes*, 183 F.3d 167. The Court notes, however, that defalcation ordinarily requires some level of mental culpability, which Plaintiffs have not demonstrated on this record. This decision also assumes that it is appropriate to treat all three Plaintiffs as creditors of the Debtor, as well as creditors of JTI. Although only one of the Plaintiffs has a judgment against the Debtor, as well as against JTI, the Debtor did not contest the issue of standing and, as noted above, there was evidence that the corporate veil could be pierced.

## Conclusion

For the reasons set forth above, the Clerk is directed to enter judgment on Plaintiffs' § 523(a)(4) claim in favor of the defendant Jill Teckenbrock.

IT IS SO ORDERED.

Dated:    September 4, 2012
          New York, NY

                                              */s/ Allan L. Gropper*
                                              UNITED STATES BANKRUPTCY JUDGE

9